In the Matter of HENRY J. SILVERA, Respondent, v AURORA PRODUCTS CORP. et al., Appellants.—In a proceeding to obtain disclosure to aid in bringing an action, Aurora Products Corp. and its insurer, Liberty Mutual Insurance Company, appeal from an order of the Supreme Court, Nassau County, dated October 14, 1976, which denied their motion for a protective order limiting the examination by the respondent before service of a summons. Order reversed, with $50 costs and disbursements, and motion for a protective order granted to the extent that the compliance with the subpoenas duces tecum served by respondent need be made only to the limited purposes set forth in Special Term's prior order dated June 22, 1976. Respondent was employed by Aurora Products Corp., and was injured when he attempted to repair a molding machine manufactured by another. Liberty Mutual, the insurer of Aurora, inspected and examined the machine, and prepared reports. Respondent moved for an order pursuant to CPLR 3102 (subd [c]) for the examination of Aurora and Liberty Mutual to aid in bringing an action. The motion was granted in an order dated June 22, 1976. Respondent then served subpoenas requiring Aurora and Liberty Mutual to produce at such examination relevant documents, reports, contracts, bills of sale, maintenance records and analyses, engineering reports and tape recordings. Aurora and Liberty Mutual moved for a protective order vacating the subpoenas, and the motion was denied by the order under review. We reverse. The subpoena served on Liberty Mutual called for the documents to be produced concerning "all facts and circumstances

relative to injuries sustained * * * on September 5, 1975, by reason of a malfunctioning of machinery". The order of June 22, 1976, which was not appealed, called for an examination of Aurora and Liberty Mutual "for the limited purposes of aiding in framing a complaint and determining the names of prospective defendants." The subpoenas served should be confined to the same purposes, and we grant a protective order vacating the subpoenas to the extent that the scope stated therein exceeds that limitation. Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.